IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOHN A. REKOW, SR., | Civil No. 07-1738-AA |
| Plaintiff, | OPINION AND ORDER |
| vs. | |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | |
| Defendant. | |

Tim Wilborn
Wilborn Law Office, P.C.
P.O. Box 2768
Oregon City, Oregon, 97045
   Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Britannia Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Leisa A. Wolf
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
   Attorneys for defendant

AIKEN, Judge:

   Claimant, John Rekow, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain

1  - OPINION AND ORDER

judicial review of a final decision of the Commissioner denying his application for disability insurance benefits under Title II of the Act. For the reasons set forth below, the Commissioner's decision is reversed and remanded for payment of benefits.

## PROCEDURAL BACKGROUND

After the Commissioner denied plaintiff's claim initially and on reconsideration, an administrative law judge (ALJ) held a hearing in December 2006 and heard testimony from plaintiff who was represented by an attorney. Tr. 187-215. On May 11, 2007, the ALJ issued a decision finding plaintiff not disabled as defined in the Act because he could perform his past relevant work as a display designer. Tr. 12-19.

## STATEMENT OF THE FACTS

Plaintiff was born in 1943. Tr. 15. He was 63 years old when the ALJ issued his May 2007 decision. Id. Plaintiff obtained 13 years of formal education and has past relevant work experience as a designer and display builder. Tr. 15, 60.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler,

2   - OPINION AND ORDER

807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

3   - OPINION AND ORDER

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

**DISCUSSION**

1. The ALJ's Findings

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. Tr. 18. At step two, the ALJ found the following severe impairments: lumbar degenerative disc disease, status post lumbar laminectomy, and recurrent atrial fibrillation. Id. At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1. Id. The ALJ found that plaintiff's residual functional capacity (RFC) indicated he could perform medium work. Id. Finally, at step four, the ALJ found that plaintiff was able to perform his past relevant work as a display designer, and therefore, not disabled. Tr. 18-19.

2. Plaintiff's Allegations of Error

Among other allegations of error, plaintiff alleges that the ALJ and Appeals Council improperly rejected the opinions of

4   - OPINION AND ORDER

treating and examining doctors. I agree. When a treating doctor's opinion is uncontradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). Moreover, "[c]lear and convincing reasons" are required to reject the treating doctor's ultimate conclusions. Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). Finally, the opinion of a examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician. Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990).

Here, plaintiff's long-term treating physician, Dr. Mendenhall, examined plaintiff multiple times and reviewed his medical records dating back to 1989. Dr. Mendenhall concluded that plaintiff suffers from two "disabling" conditions: (1) lumbar facet arthropathy with lumbar spondylolysis (a degenerative arthritis of the back that leads to structural defects in the lower back causing "debilitating pain with any movement"); and (2) chronic Atrial Fibrillation with h/o rapid ventricular response (necessitating medication that induces fatigue and reduced exercise/activity tolerance and periods of hospitalization requiring intravenous medication management). Dr. Mendenhall reviewed plaintiff's prior medical history and treatment records (including the time period plaintiff was insured), and concluded:

> In my professional medical opinion, I believe that beyond a reasonable doubt Mr. Rekow has been medically disabled as a result of his back condition and underlying lumbosacral degeneration, spondylolsis with myelopathy dating well before Jan 1st 2000. Most likely, his disability began in earnest in the mid 1990's. I believe the cardiac issues

5    - OPINION AND ORDER

>     beginning in the late 1990's have compounded the
>     level of his disability.
>
>     In terms of what I have observed since meeting Mr.
>     Rekow in 2005, I do not consider him a malingering
>     patient. I do not believe he has any significant
>     psychologic or psychiatric debilitation that would
>     lead me to believe he is malingering. On the
>     contrary I believe him to be a very reasonable man
>     who has tolerated unreasonable medical diagnoses
>     and the limitation of continued treatment due to
>     circumstances beyond his control despite his best
>     efforts. I deem him medically disabled from his
>     conditions[.]

Tr. 161.

Dr. Mendenhall further opined that plaintiff would have multiple exertional and postural restrictions resulting in an ability to perform work at less than a sedentary level, in addition to frequent disturbances in his ability to concentrate and attend. Tr. 157-61. He also opined that plaintiff would likely miss about three days of work per month due to his impairments. Id. In Dr. Mendenhall's December 2006, letter, he discussed specifics regarding his review of plaintiff's prior medical records. Specifically, he noted the CT scan dated February 10, 1989, and Dr. Stanley Kern's treatment records dating back to 1992.

Although Dr. Mendenhall's November 2005 opinion was dated four years after plaintiff's date last insured, the Ninth Circuit holds that medical diagnoses made after the date last insured are relevant and must be considered. Smith v. Bowen, 849 F.2d 1222, 1225-26 (9th Cir. 1988)(medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition). The ALJ acknowledged that plaintiff's work history supported plaintiff's

6   - OPINION AND ORDER

contention that he stopped working in the mid 1990s and did not work again except for the brief student project in 2003 and the limited assistance he was able to contribute to his family's efforts at remodeling in 2004 and 2005. Tr. 15-16, 194-98. The ALJ also acknowledged a 1993 record showing Dr. Holman took an x-ray of plaintiff's lumbar spine which showed moderately severe degenerative disc changes at L4-5 and L5-S1. Tr. 164. In 1993, Dr. Steven Jewell also noted that plaintiff had a history of lumbar laminectomy at L4-5 about 7-8 years prior and was treated in the emergency department in 1993 for increased pain and paraspinous muscle spasms. Tr. 163. The record supports plaintiff's and the lay witnesses contention that plaintiff's poverty resulted in a lack of medical treatment during the late 1990s until 2001, when he was found eligible for state health insurance. I find that Dr. Mendenhall's opinion is fully supported by the evidence in the record and the ALJ failed to identify any substantial medical evidence contradicting that opinion. Because the ALJ improperly rejected Dr. Mendenhall's opinion, it will be credited as a matter of law. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). "The remaining question is whether to remand for further administrative proceedings or simply for payment of benefits. Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion "as a matter of law." Id. See also, Ramirez v. Shalala, 8 F.3d 1449 (9th Cir. 1993)(Appeals Council's failure to remand after consideration of additional evidence is to be treated as evidence that Commissioner considers the record to be complete).

7   - OPINION AND ORDER

**CONCLUSION**

The Commissioner's decision is not based on substantial evidence. Therefore, this case is reversed and remanded for payment of benefits. This case is dismissed.

IT IS SO ORDERED.

Dated this __3__ day of December 2008.


                              /s/ Ann Aiken
                              Ann Aiken
                              United States District Judge

8    - OPINION AND ORDER